IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VANCE MARCEL GIBSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:12CV191 |
| v. ) | 6:93CR211-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Vance Marcel Gibson, a federal prisoner, brings what the Court treated as a Motion [Doc. #266]¹ to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was found guilty following a jury trial of one count of possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and one count of carrying and using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and 2. He was subsequently sentenced to 262 months of imprisonment on the drug conviction and a consecutive 120 months of imprisonment for the firearm conviction. However, the firearm conviction was later vacated. In Petitioner's current Motion, he asserts that his criminal history under the United States Sentencing Guidelines, as calculated in his Presentence Report, is no longer valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for a prior drug conviction that added three points to his criminal history.

---

¹This and all further cites to the record are to the criminal case.

The Government filed a Motion to Dismiss [Doc. #283], contending that the Court lacks jurisdiction to consider Petitioner's Motion under § 2255 because Petitioner filed a previous § 2255 Petition and has not received certification from the Court of Appeals for the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h). Notwithstanding this provision, relief pursuant to 28 U.S.C. § 2241 is available to petitioners seeking to challenge the validity or legality of their detention when a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). It is beyond question, however, that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Jones, 226 F.3d at 333 (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A contrary rule would effectively nullify the gatekeeping provisions of § 2255. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)). Under Jones, "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Id.

In the present case, even if the Court were to consider the Petition under § 2241, Petitioner would not be entitled to relief. As stated above, Petitioner attacks the calculation of

his criminal history points by citing to Simmons. This claim fails because Simmons is inapplicable to the calculation of Petitioner's criminal history points under the Guidelines. In Simmons, the Fourth Circuit addressed the method for determining whether a prior conviction is considered a "felony" conviction punishable by a term in excess of one year. Simmons, 649 F.3d at 243-245. However, under the Guidelines, Petitioner's criminal history points were calculated based on the length of the actual sentence of imprisonment imposed for his prior conviction, not whether the prior convictions were designated as a "felony." See U.S.S.G. § 4A1.1. Therefore, Petitioner's criminal history points were properly calculated based on the actual sentence imposed for his prior conviction, and Simmons is simply inapplicable to Petitioner's criminal history point calculation under the Guidelines. As such, Petitioner's contention that Simmons could affect his sentence is incorrect. See Graham v. United States, Civil Action No. 4:11-3480-TLW, Cr. No. 4:05-1210, 2012 WL 3616860, at *4 (D.S.C. Aug 20, 2012) (unpublished); Herring v. United States, No. 3:94-CR-46-7-H, No. 5:12-CV-490-H, 2012 WL 3308946, at *1 (E.D.N.C. Aug. 13, 2012) (unpublished). Respondent's Motion to Dismiss should be granted.[2]

Petitioner also filed a Motion [Doc. #289] seeking to amend his Motion to add a claim under Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151 (2013). However, that case has not been applied retroactively on collateral review. United States v. Redd, 735 F.3d 88, 91-92 (2d

---

[2] To the extent Petitioner has filed various "supplements" to his Motion, none of the additional issues raised would entitle Petitioner to relief under § 2241. In the supplements, Petitioner seeks to again challenge prior denials of his requests for a sentence reduction under 18 U.S.C. § 3582(c), and also raises challenges to the Court's jurisdiction over the offenses in Count One. These claims do not satisfy the savings clause provision noted above, and in any event are without merit.

Cir. 2013); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013). Moreover, it appears that Petitioner is seeking to assert various challenges to his original sentencing, and because he filed a previous § 2255 Motion, he would have to seek permission from the Fourth Circuit in order to file this claim. Petitioner's Motion to Amend should be denied.

IT THEREFORE IS RECOMMENDED that Respondent's Motion to Dismiss [Doc. #283] be granted, that Petitioner's Motion [Doc. #266] to vacate, set aside or correct sentence be dismissed, that Petitioner's Motion to Amend [Doc. #289] be denied, and that this action be dismissed.

This, the 2nd day of July, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge