IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VANCE MARCEL GIBSON,            )
                                )
            Petitioner,          )
                                )
    v.                           )     1:12CV191
                                )     6:93CR211-1
UNITED STATES OF AMERICA,        )
                                )
            Respondent.          )

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on July 2, 2014, was served on the parties in this action. Objections were filed by counsel two days late, along with a motion for extension of time to excuse the delay. (Docs. 293, 294.) The Magistrate Judge granted the motion (Doc. 295), and so the court treats the objections as timely. However, the objections themselves are problematic.

Pursuant to 28 U.S.C. § 636, the court is obliged to conduct a *de novo* determination as to "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3). An objecting party is required to identify specifically those findings objected to and to support such objection with the basis for it. Suntrust Mortg., Inc. v. Busby, 651 F. Supp. 2d 472, 476 (W.D.N.C. 2009). "A general objection, or one that merely restates

the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id. (quoting Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); see also United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) (citation omitted) (noting that "[w]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a *de novo* determination does not arise"). Similarly, general or conclusory objections that do not point to specific error do not require this court's *de novo* review and will result in the waiver of appellate review. E.g., Smith v. Wash. Mut. Bank FA, 308 F. App'x 707, 708 (4th Cir. 2009) (per curiam) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). In the absence of a valid objection, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). "A finding is clearly erroneous when, although there is evidence to support it, on the entire evidence the reviewing

2

court is left with the definite and firm conviction that a mistake has been committed." Faulconer v. Comm'r of Internal Revenue, 748 F.2d 890, 895 (4th Cir. 1984) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

In the court's view, the conclusory objections in this case do not satisfy the applicable standards. However, insofar as the merits of the objections fail as well, the court finds that both a clear error and *de novo* review lead the court to the same result. Therefore, having conducted both forms of review, the court finds that the objections do not change the substance of the Recommendation, which is hereby adopted.

IT IS THEREFORE ORDERED that the Respondent's Motion to Dismiss (Doc. 283) is GRANTED, that Petitioner's Motion (Doc. 266) to vacate, set aside or correct sentence is DENIED, that Petitioner's Motion to Amend (Doc. 289) is DENIED, and this action is DISMISSED.

/s/   Thomas D. Schroeder
United States District Judge

August 5, 2014